


FILED
Aug 16, 2019
12:38 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Amy Bush | ) | Docket No.  2018-05-0258 |
| | ) | |
| v. | ) | State File No. 48483-2016 |
| | ) | |
| Stones River Center/ | ) | |
| RHA Health Services, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Certified as Final

---

Following a work-related back injury, the employee alleged she suffered several falls at work caused by back spasms, one of which was reported to have occurred on June 8, 2016, resulting in injuries to her right foot and ankle.  She filed a petition for benefits on March 7, 2018.  After the employer filed a motion for summary judgment, asserting the expiration of the statute of limitations, the employee failed to respond in writing, but argued at a subsequent hearing that she "disputed everything."  The trial court granted the employer's motion for summary judgment, and the employee has appealed.  We affirm the trial court's order and certify it as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Amy Bush, Murfreesboro, Tennessee, employee-appellant, pro se

Rosalia Fiorello, Nashville, Tennessee, for the employer-appellee, Stones River Center/RHA Health Services

### Factual and Procedural Background

Amy Bush ("Employee"), a resident of Rutherford County, Tennessee, was employed by Stones River Center/RHA Health Services ("Employer").  On January 18, 2016, she suffered a compensable, work-related back injury.  The parties settled that claim, and the trial court approved the settlement in July 2017.

1

Employee alleged she suffered another injury to her right foot and ankle on June 8, 2016, when she fell as she stood up from a chair after experiencing a spasm in her back. Employer denied the claim and did not provide any benefits. More than one year later, Employee filed a petition for benefits. Following Employee's request for an expedited hearing in which she sought temporary disability and/or medical benefits, the trial court entered an order denying Employee's request based on a finding that her petition was not timely filed. Employee appealed, and we affirmed the trial court's order and remanded the case. *Bush v. Stones River Center*, No. 2018-05-0258, unpublished order (Tenn. Workers' Comp. App. Bd. Jan. 18, 2019). Thereafter, Employer filed a motion for summary judgment, asserting that Employee's statute of limitations had expired. Employee did not respond to the motion or Employer's statement of undisputed material facts, but argued at a subsequent hearing that she "disputed everything." The trial court granted the motion and entered judgment in favor of Employer. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, the grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

## Analysis

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye*, 477 S.W.3d at 265.

In the present case, any meaningful review of Employee's appeal is significantly hindered by several factors. First, Employee has failed to identify an appealable issue in her notice of appeal, asserting only that she was "severely injured" and that she has "provided evidence of this." Yet, she did not assert her claim was timely filed, did not allege any errors on the part of the trial court, and did not offer any theory or argument as to why the trial court's order should be reversed.

Second, Employee has not submitted a brief on appeal identifying any alleged errors made by the trial court or providing any argument to support her position on appeal. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Third, we agree with the trial court that Employer met its burden of production with respect to its motion for summary judgment by asserting, without contradiction, that Employee's petition for benefits was filed more than one year after the alleged injury and that Employer made no voluntary payment of benefits that would extend the time for filing a petition. Thus, the burden shifted to Employee to demonstrate the existence of a genuine issue of material fact regarding the timeliness of her petition. *Rye*, 477 S.W.3d at 265. She failed to do so. Therefore, we conclude the trial court's order granting summary judgment is supported by the record.

Finally, as we did in the first appeal filed by Employee, we find Employee's present appeal to be frivolous because it had "no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015) (citation omitted). However, we exercise our discretion not to award attorneys' fees or other expenses for the frivolous appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018).

## Conclusion

For the foregoing reasons, the trial court's order granting summary judgment is affirmed and certified as final. Each party shall bear its own costs on appeal.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Amy Bush | ) | Docket No. 2018-05-0258 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 48483-2016 |
| | ) | |
| Stones River Center/ | ) | |
| RHA Health Services, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of August, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Amy Bush | | X | | | X | amy.bush0000@gmail.com 1010 N. Academy St. Murfreesboro, TN 37130 |
| Rosalia Fiorello | | | | | X | rfiorello@wimberlylawson.com |
| MOST | | | | | X | patsy.bumbalough@tn.gov peggy.haley@tn.gov |
| Dale A. Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov